UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOUIS SCALISE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-11158-LTS |
| RICHARD DeFELICE and NEWPORT CONSTRUCTION, | ) ) ) ) | |
| Defendants. | ) ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

August 8, 2013

SOROKIN, C.M.J.

Having conducted a bench trial on August 5, 2013, with respect to the Plaintiff's two-count Complaint (alleging age discrimination in Count I under the Massachusetts Anti-Discrimination Statute, M.G.L. c. 151B §4(1B), and in Count II under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., the Court hereby makes the following Findings of Fact and Conclusions of Law, pursuant to Fed. R. Civ. P. 52(a):

I.   FINDINGS OF FACT

1. The Plaintiff, Louis Scalise, has worked in the construction field for more than forty years. *Testimony of Mr. Scalise.*

2. Mr. Scalise was employed by companies owned by Defendant Richard DeFelice on three occasions over the past twenty-five years (with stints of employment

       beginning in 1986, 1997 and 2008). *Testimony of Mr. Scalise and Mr. DeFelice.*

3. Most recently, Defendant Newport Construction employed Mr Scalise as a Superintendent/Project Manager between the spring of 2008 and October 30, 2008. *Testimony of Mr. Scalise and Mr. DeFelice.*

4. When hired by Newport in 2008, Mr. Scalise was sixty-four years old (he turned sixty-five on April 15, 2009). *Testimony of Mr. Scalise.*

5. Newport is in the business of public construction. *Testimony of Mr. DeFelice.*

6. In its public construction business, Newport bids on public contracts. *Testimony of Mr. Scalise and Mr. DeFelice.*

7. During 2008, Mr. Scalise worked for Newport on several public construction projects for the City of Cambridge. *Testimony of Mr. Scalise and Mr. DeFelice.*

8. When recruited for the Cambridge projects, Mr. Scalise notified Mr. DeFelice that he had scheduled a vacation with his wife beginning November 3, 2008 and that he would not be able to complete the project. *Testimony of Mr. Scalise and Mr. DeFelice.*

9. The Court credits Mr. DeFelice's testimony that it was his understanding at the time he hired Mr. Scalise that Mr. Scalise was not seeking full-time, year-round work and that he preferred part-time work which would permit him to travel periodically with his wife (whom Mr. DeFelice understood to have been recently retired). *Testimony of Mr. DeFelice.*

10. The Cambridge public construction projects completed before the winter of 2008-2009. *Testimony of Mr. Scalise and Mr. DeFelice.*

11. Mr. Scalise was a good employee and Mr. DeFelice had no concerns regarding Mr. Scalise's job performance at any time during his employment. *Testimony of Mr. DeFelice and Mr. Scalise.*

12. On October 30, 2008, Mr. Scalise concluded his work with Newport in order to take the previously-scheduled vacation. *Testimony of Mr. Scalise and Mr. DeFelice.*

13. Although they did not discuss a specific position for Mr. Scalise for 2009, Mr. DeFelice told Mr. Scalise on October 30, 2008, that he would be perfect for the Cambridge public construction project(s) Newport was bidding on for 2009.[1] *Testimony of Mr. Scalise and Mr. DeFelice.*

14. The Court credits Mr. DeFelice's testimony that he fully intended to rehire Mr. Scalise in Spring, 2009 to work on the Cambridge project(s) in the event that the Defendants were the successful bidders on that project. *Testimony of Mr. DeFelice.*

15. At no time did Mr. Scalise and Mr. DeFelice ever discuss a public construction project in Watertown. *Testimony of Mr. Scalise.*

16. Mr. Scalise made numerous phone calls to Mr. DeFelice during January, 2009 but he received no response. *Testimony of Mr. Scalise.*

17. Newport did not rehire Mr. Scalise in 2009. *Testimony of Mr. Scalise and Mr. DeFelice.*

---

[1] Although Mr. Scalise testified that during this conversation and again in December, 2008, Mr. DeFelice stated that he would "absolutely" re-hire him, such a promise would not be relevant to the claims of age discrimination, the only claims before the Court.

18. Mr. Scalise did not speak to Mr. DeFelice again until July, 2013.  *Testimony of Mr. Scalise.*

19. Mr. Scalise does not know why his calls were not returned.  *Testimony of Mr. Scalise.*

20. Newport was not the successful bidder on Cambridge public construction projects in either 2009 or 2010.  *Testimony of Mr. Scalise and Mr. DeFelice.*

21. Newport was the successful bidder on a public construction project in Watertown in 2009.  *Testimony of Mr. Scalise and Mr. DeFelice.*

22. The Watertown project was for three years, with no winter shutdown.  *Testimony of Mr. DeFelice.*

23. The Court credits Mr. DeFelice's testimony that because the Watertown project required a full-time Project Manager, Mr. DeFelice did not consider Mr. Scalise for that project in light of his understanding from the conversation at the time of Mr. Scalise's hire that Mr. Scalise preferred part-time work and the flexibility to take long vacations.  *Testimony of Mr. DeFelice.*

24. The Court credits Mr. DeFelice's testimony that the Project Manager hired for the Watertown project, Mr. L'Ecuyer, is approximately fifty years of age.  *Testimony of Mr. DeFelice.*

25. The Court does not credit Mr. Scalise's testimony that Mr. L'Ecuyer was thirty-nine years old in 2009.

26. Since 2009, Newport has laid off, or has not re-hired, approximately 130 of its previous 180 employees, due to the economic downturn.  *Testimony of Mr.*

*DeFelice.*

27. The Court finds that Mr. DeFelice hired Mr. Scalise to work the Cambridge projects in 2008, intended to rehire him in 2009 for Cambridge projects, but that Newport was not the successful bidder on the Cambridge projects. The Court finds that Mr. Scalise's age had nothing to do with this decision, and also had nothing to do with either Mr. DeFelice's decision to hire Mr. L'Ecuyer for the position with the Watertown project, or his decision not to consider Mr. Scalise for the Watertown project.

II. CONCLUSIONS OF LAW

Count I - Age Discrimination, in violation of M.G.L. c. 151B §4(1B)

1. Because Mr. Scalise and Mr. DeFelice never discussed the Watertown position, Mr. Scalise was not replaced by Mr. L'Ecuyer. Rather, this is a "reduction in force," case, since the Defendants maintain that they did not re-hire Mr. Scalise because they lacked the work to re-hire him.

2. Age discrimination claims pursuant to M.G.L. c. 151B follow a three-step order of proof. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 442-43 (1995).

3. The first stage of the three-step order of proof is that Mr. Scalise has the burden to establish a prima facie case of discrimination. Id. at 441. To do so in a reduction in force case, Mr. Scalise must produce evidence that (1) he is a member of a class protected by M.G.L. c. 151B; (2) he performed his job at an acceptable level; (3) he was terminated (or in this case, not re-hired); and, (4) his layoff

occurred in circumstances that would raise a reasonable inference of unlawful discrimination.  <u>Sullivan v. Liberty Mut. Ins. Co.</u>, 444 Mass. 34, 40-45 (2005).

4. Mr. Scalise has satisfied the first three elements of the prima facie case of discrimination because he was more than forty years of age, he performed his job at an acceptable level, and he was not re-hired in the spring of 2009, as the Parties had anticipated.

5. Mr. Scalise has failed to make a prima facie case of age discrimination, however, because he has failed to adduce any evidence with respect to the fourth element of his prima facie case, namely that the decision not to re-hire him "occurred in circumstances that would raise a reasonable inference of unlawful discrimination."  <u>Sullivan v. Liberty Mut. Ins. Co.</u>, 444 Mass. 34, 45 (2005).  Although the plaintiff's burden at the prima facie stage is meant to be a small showing that is easily made (<u>see</u>, <u>id.</u> at 45), Mr. Scalise has nevertheless failed to meet that burden because he has adduced no evidence whatsoever raising an inference of unlawful discrimination.

6. Even had Mr. Scalise made out a prima facie case with respect to the c. 151B claim (thus meeting his burden at stage one of the three-step order of proof applicable to such claims (<u>see</u> paragraph 3 above)), in the second stage, the Defendants can rebut the presumption of discrimination created by Mr. Scalise's prima facie case by articulating a legitimate, nondiscriminatory reason for their hiring decision.  <u>Blare</u>, 419 Mass. at 441.

7. The Defendants have met their stage-two burden of advancing a legitimate, non-

      discriminatory reason for the decision not to re-hire Mr. Scalise (namely, that Newport was not the successful bidder on the Cambridge project, and that the Watertown project required full-time, year-round work, which Mr. DeFelice understood Mr. Scalise had indicated he did not wish to pursue), and they have adduced credible evidence in support thereof through Mr. DeFelice's testimony.

8. At the third stage, Mr. Scalise bears the burden of persuading the fact finder that the reason offered by the Defendants is a pretext and that the real reason for the hiring decision is age discrimination. Id. at 445-46.

9. Mr. Scalise has failed to adduce any evidence at stage three that the Defendants' stated reasons for their decision not to re-hire him were not the real reasons and that the actual motive (or any part of the motivation) was discrimination on account of his age. Id.

10. The Defendants are entitled to judgment on Count I.

Count II - ADEA, 29 U.S.C. § 621 et seq.

11. The ADEA forbids an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added).

12. Absent direct evidence of discrimination (and there is none in this case), ADEA claims are evaluated in the First Circuit under the familiar burden-shifting standard of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); See Velez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 446-47 n. 2 (1st Cir. 2009)

(holding that although in <u>Gross v. FBL Financial Services, Inc.</u>, 557 U.S. 167 (2009), the Supreme Court noted that it "has not definitively decided whether the evidentiary framework of [<u>McDonnell</u>] is appropriate in the ADEA context," the First Circuit has long applied the framework to ADEA cases and shall continue to do so until told otherwise).

13. Mr. Scalise must first establish a prima facie case in this reduction in force case by showing: (1) that he was at least forty years old when he and his employer parted company; (2) that his job performance met the employer's legitimate expectations; (3) that he lost his position through an adverse employment action attributable to the employer (here, the failure to rehire him in 2009 after the winter break); and (4) that the employer in the course of downsizing did not treat age neutrally. <u>Suarez v. Pueblo Intern., Inc.</u>, 229 F.3d 49, 53 n.4 (1st Cir.2000).

14. Mr. Scalise has failed to make a prima facie case of age discrimination because he has failed to adduce any evidence that the Defendants did not treat age neutrally.

15. Even had Mr. Scalise made out a prima facie case of age discrimination, then at stage two, the Defendants must produce a legitimate non-discriminatory reason for not re-hiring him in 2009. <u>Velez</u>, 585 F.3d at 447.

16. The Defendants have met their burden through Mr. DeFelice's testimony that Newport was not the successful bidder on the Cambridge project, and that the Watertown project required full-time, year-round work (a type of work which Mr. DeFelice understood Mr. Scalise to have indicated that he did not wish to pursue).

17. At stage three, Mr. Scalise is afforded the opportunity to prove by a

preponderance of the evidence that the legitimate reasons offered by the Defendants were not their true reasons, but were a pretext for age discrimination. Id. Mr. Scalise would meet his stage-three burden by proving by a preponderance of the evidence (direct or circumstantial) that his age was the "but for" cause of Newport's decision not to re-hire him. See Gross, 557 U.S. at 176-78 (in ADEA cases, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action"); Velez, 585 F.3d at 448.

18. Mr. Scalise has failed to adduce any evidence, direct or circumstantial, that his age was the "but for" cause of Newport's decision not to re-hire him.

19. The Defendants are entitled to judgment on Count II.

## III. CONCLUSION

Accordingly, the Court hereby ORDERS that JUDGMENT shall enter separately FOR THE DEFENDANTS, Richard DeFelice and Newport Construction, and AGAINST THE PLAINTIFF, Louis Scalise, on both counts of the Plaintiff's Complaint.

SO ORDERED,

  / s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge